UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY HAAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-302 |
| | § | |
| BEATTY STREET PROPERTIES, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER CLARIFYING WAIVER OF JONES ACT REMOVAL

At the scheduling conference yesterday, the Court raised the issue whether it could retain jurisdiction over this removed case if it turns out to be a bona fide Jones Act case. Normally, claims brought under the Jones Act in state court may not be removed to federal court. *See* 46 U.S.C. § 30104 (incorporating by reference the Federal Liability Act's bar on removal, 28 U.S.C. § 1445(a)). Nonetheless, the Fifth Circuit has held that "§ 1445(a)'s bar to removal may be waived by a litigant's failure to object to such removal in district court." *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir. 1987) (en banc). In *Lirette*, the Fifth Circuit held that because the plaintiff, who had brought a Jones Act claim in state court that the defendant removed to federal court, fully participated in the federal court proceedings, he "waived his statutory right to object to the exercise of subject matter jurisdiction by the United States district court." *Id.* at 117–18. In the case at bar, the plaintiff has indicated that he is amenable to litigating his Jones Act

claim in federal court and the deadline for a remand motion (other than one based on lack of subject matter jurisdiction, which certainly exists in this case) has apparently passed. Because of the Fifth Circuit's holding in *Lirette*, this Court can properly exercise jurisdiction over this case even if the Court determines the Plaintiff is a seaman entitled to bring a Jones Act claim.

SIGNED this 10th day of October, 2013.

_____
Gregg Costa
United States District Judge