UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY HAAS, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 3:13-CV-302 |
| BEATTY STREET PROPERTIES, INC., | § § § § | |
| Defendant. | | |

# MEMORANDUM AND ORDER

The question presented in this maritime dispute is whether a plaintiff who spends a majority of his employment maintaining and repairing boats that are docked on the water is a seaman under the Jones Act.

**I.  BACKGROUND**

Defendant Beatty Street Properties, Inc. (BSP) employed Plaintiff Timothy Haas as an assistant port engineer from February 2008 until June 2013. Docket Entry No. 12 ¶ 3. He was responsible for maintaining the mechanical systems on BSP's boats, *id.*, where he spent approximately 90% of his working hours. *Id*. For the most part, the boats were docked on the water while he was working on them, but roughly 40% of the time, the boats were in motion, usually carrying pilots to ships entering or leaving the Houston Ship Channel. *Id.* ¶¶ 3, 5. In late July 2011, while working on a docked boat, he allegedly strained his lower back handing

down a defective water pump to his co-workers. *Id.* ¶ 6. He sued BSP in state court, asserting negligence, unseaworthiness, and maintenance and cure claims. BSP removed to this Court, arguing that Haas fraudulently pleaded Jones Act seaman status, and further, that maritime cases are now removable under 28 U.S.C. section 1441. *See* Docket Entry No. 1 at 3. Haas did not seek a remand. The Court, concerned with its jurisdiction to hear the case, *sua sponte* researched the issue. In an order issued after the initial scheduling conference, *see* Docket Entry No. 7, the Court explained that under *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir. 1987) (en banc), the Jones Act's bar on removability may be waived. Docket Entry No. 7. With the jurisdictional doubts settled, BSP contends once again in its summary judgment motion that Haas does not qualify as a seaman under the Jones Act, and thus, cannot maintain this suit.

## II.   *NAQUIN V. ELEVATING BOATS*

BSP's argument is foreclosed by *Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927, 935 (5th Cir. 2014), in which the Fifth Circuit held that an employee who performed nearly all of his work on docked vessels was a seaman. Like Haas, Larry Naquin's primary responsibility was maintaining and repairing his employer's vessels, and like Haas, he spent most of his time, approximately 70%, physically on board those vessels. *Id.* at 930. For the most part, the vessels he worked on were moored, jacked up, or docked. *Id.* Several times a week, he

repaired a vessel while it was being moved to another position in a shipyard canal, but only occasionally did he make repairs while the vessel was operating in open water. *Id.* at 930–31.

Naquin's employer challenged whether Naquin's connection to the vessel was "substantial in terms of both duration and nature," foundational requirements for Jones Act plaintiffs.[1] *See id.* at 933 (quoting *Chandris v. Latsis*, 515 U.S. 347, 368 (1995)). Naquin satisfied the durational component because he spent 70% of his time onboard a vessel. The fact that Naquin spent most of his time on docked vessels, as opposed to vessels in motion, did not alter the court's calculus. *See id.* at 933–34.

Addressing the more difficult question whether Naquin's connection to the vessel was substantial in nature, the court approvingly cited cases that "rejected the categorical assertion that workers who spend their times aboard vessels near the shore do not face maritime perils. While these near-shore workers may face fewer risks, they still remain exposed to the perils of a maritime work environment." *Id.* at 934. The court concluded that in "doing the ship's work on vessels docked or at anchor in navigable water," Naquin "faced precisely the same type and degree of maritime perils" that the Fifth Circuit had previously found sufficient to establish

---

[1] The seaman must also "contribute to the function of the vessel or to the accomplishment of its mission." *Naquin*, 744 F.3d at 933 (quoting *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003)). BSP does not contest that Haas's job—maintaining the equipment on BSP's boats—meets that requirement. Docket Entry No. 10 at 9.

Jones Act seaman status. *Id.* at 935 (citing *In re Endeavor Marine, Inc.*, 234 F.3d 287, 291 (5th Cir. 2000)).

*Naquin* is indistinguishable, in any meaningful sense, from this case.[2] Indeed, BSP makes the same point in its summary judgment motion—Haas did not engage in the type of work that would subject him to actual maritime dangers—that Judge Jones made in her dissent in *Naquin*. Judge Jones argued that the majority "cit[ed] no facts showing that Naquin, who spent nearly all of his time on boats moored to a dock, faced any maritime perils in the ordinary course of his duties." *Id.* at 943 (Jones, J., dissenting) (emphasis omitted). Haas too spent "nearly all of his time on boats moored to a dock," and under *Naquin*, that fact, combined with his line of work, gets him past summary judgment. *Cf. Bernard v. Binnings Const. Co., Inc.*, 741 F.2d 824, 827 ("Seaman status is ordinarily a question for the trier of fact." (citing *Longmire v. Sea Drilling Corp.*, 610 F.3d 1342, 1355 (5th Cir. 1980))).

## III.   CONCLUSION

For these reasons, BSP is not entitled to a ruling that Haas is ineligible for seaman status as a matter of law. BSP requested oral argument on its motion, noting that further discussion of *Naquin* might be helpful.[3] The Court concludes,

---

[2] Thus, the many cases from outside this Circuit that BSP cites in its motion, *see* Docket Entry No. 10 at 10–25, have no sway on the Court's ruling.

[3] Defense counsel noted this Court's policy of giving young lawyers an opportunity to present

however, that oral argument is unnecessary because there is no principled way to distinguish that binding Fifth Circuit decision.  Accordingly, BSP's Motion for Summary Judgment (Docket Entry No. 10) and Unopposed Motion for Summary Judgment Hearing (Docket Entry No. 13) are **DENIED**.  The Court will set a trial date at the August Docket Call.

  **SIGNED** this 27th day of June, 2014.

             _____
                Gregg Costa
              United States Circuit Judge[*]

---

oral argument; apologetically, he observed that he "has not been a young lawyer for quite some time."  Docket Entry No. 13 at 2.  Of course, the Court has no qualms about giving a seasoned veteran an opportunity to present oral argument when it is warranted, as the Court believes oral argument is granted too sparingly in federal court.

[*] Sitting by designation.